The next case, number 211419, United States v. Omar Andres Garcia-Nunez. At this time, if Attorney Sanchez Lacosta could introduce himself on the record to begin. Good morning, Your Honors. I'm Carlos Sanchez, and I represent Appellant Omar Garcia-Nunez. And with the permission of the Court, I would like to request two minutes for rebuttal. Your Honors, I would like to start by mentioning some critical facts that are not in dispute in this case. Mr. Garcia-Nunez is indicted on two counts, a 922G1 and a 924C. And he's indicted in November. On January 3rd, November of 2019, on January 3rd, 2020, his lawyer files a motion for a change of plea. And at that point, the lawyer did not know, and this is undisputed, basic and essential facts, including what the weight of the marijuana that was found was, or whether it was marijuana or not. And those are essential and basic facts, which also show that at the time he filed that motion for a change of plea, he did not know the law. But the defendant knew. Right, the defendant says to the lawyer, hey, I had marijuana. They got me. Let's plead early. That is true, Your Honor. Well, I'm not sure that there is on the record that the defendant said that. I'm just saying that the lawyer doesn't have to know. The lawyer doesn't have to have the test results back to know. The lawyer needed to know that in order for the defendant to plead guilty to what he actually signs, the plea agreement, the 924C, which prohibits carrying a firearm during and in relation to a drug trafficking crime. Hang on. Let's take it one at a time. Going to Judge Borges' comment, are you saying that if the defendant himself knew that he had marijuana, that he can't waive the right to have further evidence and just let his attorney go ahead and at least plead to the marijuana charge? I think the defendant was entitled to know this fact, and it's a legal fact, that a drug trafficking crime is defined for purposes of 924C as any felony punishable under the Controlled Substances Act and other, the MDLA and other laws. So at the time that he was advised to enter into this plea, .71 grams, which they didn't even know how much it weighed, is not a felony. It's a misdemeanor under federal law. But he could have pled guilty with no drugs being seized at all, right? Your Honor, that's what the government alleged. I think this defendant is challenging that to the extent that he was not advised properly. And we know that. But aren't all these questions just showing that on this record, this isn't the right form for resolving that? And if there's record evidence to put forward about what he did or didn't know and what the attorney did or didn't know, that can be brought up in a proceeding where you could have evidentiary hearings on all of that question, which would be a habeas proceeding, which is what we almost always do on ineffective assistance claims. So this would have to be crystal clear. And given the questions, I just haven't heard you give an answer yet as to how it's crystal clear what the situation is. Your Honor, I believe it's crystal clear that the performance was deficient in this sense. The lawyer needed to assess it on the record at the change of plea hearing when he shows up and he tells the judge the first thing out of his mouth is, I don't know the essential facts of this case for my client to plead guilty. That's not what he said. You're right, he didn't say that in those terms. But that's essentially what he's saying. Because he's saying, I don't know how much this weighs. I don't even know if this is marijuana. He says that. He doesn't have the lab report, and he doesn't say that. He's saying that on the record. So those critical facts, Your Honor, are not in dispute. So I believe that this court has sufficient facts to hold that the performance was deficient. But you're not challenging that there's a sufficient factual basis for the plea, are you? I'm sorry? You're not challenging that there was a sufficient factual basis for the plea. Your Honor, we are. It's our second argument. Because in this sense, his plea was not voluntarily and knowingly because he didn't know the essential facts that he could not be charged with a 924C. Tom, my question. You're not saying on this record that there was an insufficient factual basis for the plea? I am saying that there was. It was later found out when the lab reports come in and the weight of the marijuana is .71, which is not a felony. Do you want to rule that you can't plead guilty until the lab results come back? No, Your Honor, there isn't. Is that what you're looking for, like from this court, that it's ineffective assistance and not adequate grounds for a knowing and voluntary plea unless you have the chemistry report? I'm not saying that, no, Your Honor. That's not what I'm looking for, what I believe Mr. Garcia Nunez's principle argument. His argument is that the performance here was so deficient, and it's on the record. The record is sufficiently clear that it was deficient. And it led to prejudice for Mr. Garcia Nunez because the outcome would have been different. In fact, and the record is clear on that. If you look at Appendix 32, when the lawyer calls Mr. Garcia Nunez after the change of plea hearing, 38 days have gone by. And Garcia Nunez tells him, and the lawyer says, I want to change my plea. I'm not guilty of this. And then a few days later, the motion to withdraw the plea is filed. And in it, he asserts that he's legally innocent of the 924C charge. You could be guilty of the 924C charge just with the money and the ledger, right? The gun is there to protect the proceeds and the business end of the business. Well, the government would have to prove that at trial, Your Honor. But you don't, that's, they don't have to prove it at trial if he's pleading guilty. Right. If he would have been informed that, see, the lawyer here, again, it goes back to basic facts and knowing the law. When he advises his client, in a very speedy fashion, by the way, because he's indicted in November, and he's pleading less than 60 days later, he's pleading guilty. This is what I'm saying. This goes into you're asking us to make determinations about what the nature of the interchange was between the lawyer and the client. And on this record, I don't see how we can intuit what all of that was, what the client had said to the lawyer, why the lawyer thought it was strategically wise to do as she did. And it's not that that can never be raised. Traditionally, we don't raise those on direct appeal because they're not the kind of things we're well-suited to figure out. Your Honor, I believe that that really goes to the prejudice, whether there was prejudice or not. And on that, the court can prevent it. Or whether it was strategic decision-making by the lawyer so it wasn't deficient. But I understand your argument. Thank you. Thank you. Thank you, counsel. At this time, would Attorney McIntyre please introduce herself on the record to begin? Thank you. Good morning. May it please the Court. Julia McIntyre for the United States. Now, here the District Court properly exercised its discretion and denied Mr. Garcia-Nunez's motion to withdraw his plea since he failed to adduce a fair and just reason for the withdrawal. Here, Mr. Garcia-Nunez's admissions twice to the elements of the offense, in addition to the facts which were included in the stipulation of facts, clearly provide a rational basis, a factual basis, for the fact that he possessed a rifle in furtherance of a drug trafficking offense. Now, Mr. Garcia admitted that everything that was seized in his house belonged to him. And what was seized was clearly indicative of drug trafficking. There was a scale which he admitted was clearly used for commonly weighing drugs. There was a drug ledger with names and amounts. There was $1,778 in small denominations with the drug ledger. There was a gun with an obliterated serial number loaded in the closet where the drug ledger and the money was found. There was also in the kitchen some marijuana with the scale. Now, and it was a drug which he admitted he did not use in his post-arrest interview. The loaded firearm with no serial number, the extra magazines, these are clearly tools that are indicative of the drug trade. And this court in United States v. Marin and in United States v. Grace held that that nexus of the possession of the firearm with the drug trafficking offense can be to protect the drug proceeds. And in Fernando Santos, it was even a smaller amount of eventual drugs. It was .25 grams of drugs where here we have .711. The government's theory of the case was known even before the court took the change of plea. While counsel noted that the drug results were pending, the government said is that we don't need drugs, as Judge Barrow found, but in any event, here it's because of the proceeds. And the defendant twice admitted once after the prosecutor explained to the charges that, yes, it was possession and furtherance of a drug trafficking offense, and that drug trafficking offense was possession with the intent to distribute. And then the court even read the indictment a second time. On this record, his claim that there was no statements or that his statements didn't establish drug trafficking falters. Also, the timing of his proffered reason and his innocence, his profession of innocence by saying, well, never before did I say I was guilty, but quite frankly, that happens in most criminal cases. Rare is the defendant who goes to arraignment and says, I'm guilty. They say I'm guilty either at their change of plea or if they've been found guilty by a jury. So the fact that up until that point he had never said that he was guilty really does not hold water. He didn't give any facts, which is what this court requires,  Now moving to the ineffective assistance of counsel claim, this record here does not show that counsel's performance fell below an objective standard of reasonableness. Here there was a drug ledger. Here there was an admission that all of these items were his. Not only that, he received a discovery. And in discovery there was the agent's affidavit, which was the basis for the search warrant, where an agent personally said, I saw him with a gun in an apparent drug transaction and less than a week later there is the search. On this record, this plea was truly beneficial. We know from the PSR that this defendant had a criminal history category of three and his felon in possession charge was dismissed. And if he had gone to trial, that would have been a consecutive sentence to hear. So based on the facts that we do have, he hasn't shown that counsel's performance fell below an objective standard of reasonableness, nor could he have showed prejudice. The drugs were ultimately marijuana. And as was stated before, he most likely knew that. And nor did he establish that there was a reasonable probability of a different outcome, that he would not have pled guilty. So based on the facts of this record, the district court properly denied the motion to withdraw, and Mr. Garcia is unable to show an effective excuse of counsel. Can you just address the timing of the motion to withdraw? Yes, Your Honor. Ultimately the motion to withdraw was filed 50 days after he put his guilty plea. Now he says that there was a portion of time that he was taken to a prison outside of Puerto Rico, but he was here for 22 days before he was transferred. And there was no explanation as to why that motion was not filed in those 22 days. This court has found that even a lapse of 13 days is considered too much. But in any event, the court said that while that favor, in the opinion in order, while that favor seemed to be the only thing that could have helped him, it wasn't enough to tip the scales. If I understand the district court's opinion, it explains we don't need to have a hearing about how long the delay was. Exactly. Because even if it was an immediate change of heart, it still was wrong to, it still should have been denied. That's what the district court found. And notably on appeal. How many cases do we have of that sort where there's an immediate change of heart and we deny the motion to withdraw? Well, Your Honor, I wouldn't say this is an immediate change of heart. But what I'm saying is the district court seemed to say I don't need to do a hearing on timing because even if I treat it as an immediate change of heart, it comes out the same way. Because it's one of the various factors that needs to be put on balance. And the fact that there was no innocence and there was a rational basis of its plea, the court said even if I give you this fact on balance, it's not enough because you haven't showed anything. But here we don't even have that immediate fact. If we were going to be the most generous to the defendant here and say, okay, let's give him the 22 days as opposed to the 50 because he was transferred outside of Puerto Rico, he didn't do anything in those 22 days. Notably also on appeal. That's not the district court's logic, though, because the district court in a footnote said I don't have to do a hearing on how long the delay was because even if it was an immediate change of heart, it loses. I don't see him, the district court anywhere, concluding that the delay was of a certain length. No, it didn't make a factual statement as to what it considered the delay, but it said that of all of the factors, this is the only one that seems to be on his side but on balance. I'm just saying, don't we have to take the case given that we don't have such a finding as if it was an immediate change of heart? Well, no, Your Honor. I think the most defendant-friendly way would be to show the 22 days because the 22 days he was in Puerto Rico, and there's nothing on the record to explain why he did not do it then. I'm just trying to figure out why the district court said that thing about a hearing. He would seem to go to the 22 days also. Yeah, the district court also cited case law that said even if this factor is in favor of the defendant, if the other factors are not, it doesn't tip the scales. That would suggest we're deciding it as if it was an immediate withdrawal as opposed to a case in which there was a delay. I agree, Your Honor. I think the district court sort of said even if I were to assume that this is in your favor without putting a number to what I consider these days, you still do not prevail based on the weighing of the other factors. Notably, on appeal, Mr. Garcia seems to move back because in his brief he states that this is more of a neutral factor, whereas down below he stated that this factor supported his request. Well, if there are no further questions, I rest on my brief. Thank you, counsel. At this time, if Attorney Sanchez-LaCosta would please reintroduce himself on the record. He has a two-minute rebuttal. Thank you. I would just like to briefly add, Your Honors, that in the motion to withdraw, it should be added also the involuntary and unknowingly nature of this plea because of the ineffective assistance, Your Honor. And I understand that may be reviewed under plain error, but even under plain error the elements are met because his rights were affected in a very substantial manner in that he did not know what he was pleading. So this is a very complicated charge, the 924C. Unless the Court has any further questions. Thank you. Thank you, counsel. That concludes the argument in this case.